```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     BLUEFIELD DIVISION
```

**UNITED STATES OF AMERICA**

v.                                   Criminal Case No.:  1:11-00221

**KATIE SLAUGHTER**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court is defendant's letter form motion to expunge her criminal record, as well as letters in support of her request.  Given that one of the letters in support contains the home address of a law enforcement officer, the Clerk is **DIRECTED** to file Ms. Slaughter's submission under seal.

Ms. Slaughter's rehabilitation is impressive.  However, the court does not have the power to grant the relief that she seeks as federal courts do not possess authority to expunge a federal criminal record for purely equitable reasons. See <u>United States v. Mettetal</u>, 714 F. App'x 230, 233-35 (4th Cir. 2017) ("Neither the Constitution nor any federal statute confers upon federal courts the power to expunge a criminal conviction. . . .  No circuit has found that <u>Kokkonen</u>[*] permits federal courts to [invoke their ancillary jurisdiction in order to] expunge judicial records for purely equitable reasons."); see also <u>United States v. Bowen</u>, Criminal Action No. 5:92CR174 (STAMP), 2015 WL 2144012, at *1 and 4 (N.D.W. Va. May 7, 2015) (holding that court

---

[*]<u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375 (1994).

was without jurisdiction to entertain the motion to expunge because (1) "no federal statute or regulation generally provides for expungement of a federal offense[;]" and (2) federal courts do not have ancillary jurisdiction to expunge federal criminal convictions). Therefore, defendant's motion to expunge is **DENIED** as this court does not have jurisdiction to grant the requested relief. See also United States v. James, Criminal Action No. 1:02CR36-6, 2017 WL 3841885, *3 (N.D.W. Va. Sept. 1, 2017) ("That every circuit court to have addressed this issue post-Kokkonen has concluded that no ancillary jurisdiction exists to hear a request for equitable expungement of an arrest following conviction or acquittal persuades this Court that it lacks jurisdiction to grant equitable expungement.").

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to defendant.

It is SO ORDERED this 8th day of June, 2022.

ENTER:

David A. Faber
Senior United States District Judge